UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
WILLIAM E. SLUE, JR., :
:
                    Plaintiff, :
:
    -v- :
:
NEW YORK UNIVERSITY MEDICAL CENTER, :
NEW YORK UNIVERSITY SCHOOL OF :
MEDICINE, NEW YORK UNIVERSITY, IRWIN : 04 Civ. 2087 (GEL)
M. FREEDBERG, M.D., ANITA P. ORLIN, :
REGINALD ODOM, JOHN E. HARNEY, : **OPINION AND ORDER**
DECISION STRATEGIES, LLC., JEFF KERN, :
IRIS CORTEZ, the name is fictitious since the true :
name of this individual is presently unknown to :
Plaintiff, "JOHN DOE", and "JANE ROE", the :
complete names of whom are fictitious since the :
true names of these individuals are presently :
unknown to Plaintiff, :
:
                    Defendants. :
:
-----------------------------------------------------------x

Donald L. Citak, Citak & Citak,
New York, New York, for plaintiff.

Joel E. Cohen, McDermott Will & Emery LLP,
New York, New York, for defendants.

GERARD E. LYNCH, District Judge:

      Plaintiff William E. Slue, Jr. ("Slue") brought this action against his former employers, New York University Health Center ("NYU Health Center") and New York University School of Medicine ("NYU Medical School"); various former supervisors and NYU personnel; Decision Strategies, LLC ("Decision Strategies"), a private investigation firm; and an individual investigator. Plaintiff alleged various causes of action stemming from his discharge from NYU Health Center and NYU Medical School in January 2004. After discovery, defendants moved

for summary judgment, which was granted in part and denied in part in an Opinion and Order dated January 3, 2006. See Slue v. N.Y. Univ. Med. Ctr., _ F. Supp. 2d. _, No. 04 Civ. 2087 (GEL), 2006 WL 36855 (S.D.N.Y. Jan. 3, 2006). On January 20, 2006, defendants moved for reconsideration of a portion of that decision, arguing that plaintiff's libel claim should be dismissed. For the reasons that follow, the motion will be denied.

## DISCUSSION

I. Standard on Motion for Reconsideration

Local Civil Rule 6.3 for the Southern District of New York provides that parties may file motions for reconsideration of the Court's decisions, accompanied by memoranda that set forth "the matters or controlling decisions which counsel believes the court has overlooked." Courts in this District review motions pursuant to Local Rule 6.3 under the same standards applicable to motions pursuant to Federal Rule of Civil Procedure 59(e). Therefore, "a motion for reconsideration is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." McCullagh v. Merrill Lynch & Co., 01 Civ. 7322 (DAB), 2004 WL 744484, at *1 (S.D.N.Y. Apr. 7, 2004) (citations and internal quotations omitted). See also In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003).

Motions for reconsideration are not opportunities to re-argue issues or allegations already considered, and thus the rule should be "narrowly construed and strictly applied so as to avoid repetitive arguments that have been fully considered." Nat'l Cong. for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999). The party moving for reconsideration

may not "advance new facts or arguments not previously presented to the Court." In re WorldCom, No. 02 Civ. 3288 (DLC), 2004 WL 77879, at *6 (S.D.N.Y. Jan. 20, 2004), quoting Geneva Pharm. Tech. Corp. v. Barr Lab., Inc., No. 98 Civ. 961 (RWS), 2002 WL 1933881, at *1 (S.D.N.Y. Aug. 21, 2002).

II.  Merits of the Motion

In denying defendants' summary judgment motion with respect to plaintiff's libel claim, the Court found that defamatory connotations could be inferred from the emails sent by Dr. Freedberg, that issues of fact existed as to the truth of the allegedly defamatory portions of the emails, that portions of the emails did not constitute mere statements of opinion, and that defendant had not established that the emails were protected by qualified privilege. See Slue, 2006 WL 36855, at *13-15. Under New York law, "[t]here exists a qualified privilege where the communication is made to persons who have some common interest in the subject matter." Foster v. Churchill, 87 N.Y.2d 744, 751 (1996). The Court ruled that it could not be held as a matter of law that a qualified privilege existed, since defendants had not established that all recipients of the emails shared a common interest. Slue, 2006 WL 36855, at *15. Defendants now argue that "*all* of the individuals who received Dr. Freedberg's emails were affiliated with [NYU Health Center] or [NYU Medical School]," with a common interest in plaintiff's actions, and are therefore covered by qualified privilege. (D. Reconsideration Mem. 2.) Specifically, defendants allege that Dr. Freedberg only sent the "[e]mails to physicians and medical professionals that were associated with [NYU Health Center] and [NYU Medical School]'s Department of Dermatology and who needed to be alerted to potential issues with Mr. Slue's conduct towards their patients." (Id. at 4.)

3

On their motion for reconsideration, defendants seek to "clarify" that the nine individuals that plaintiff alleged were not affiliated with NYU did, in fact, have some affiliation with NYU Health Center or NYU Medical Center. Defendants submit that two of the individuals were part-time NYU faculty members, and five were NYU medical residents, although this status was not apparent from the records submitted with the original motion. Defendants attach an NYU Medical School faculty and resident list for January/February 2004 to support their argument. (Id. at 6; Orlin Aff. Ex. A.) As discussed above, reconsideration is proper only where the Court overlooked controlling law or facts that were put before it in the original motion. As evidenced by defendants' provision of additional exhibits on their motion for reconsideration, defendants did not present these specific facts at the time of the motion for summary judgment. Rather, defendants provided only a general list of names and email addresses, with a separate list of faculty members. They failed to provide anything more to demonstrate that the email recipients were faculty members of the NYU Medical School at the time of the alleged libelous emails. (See Motion for Summary Judgment Cohen Reply Aff. Ex. 6.)

Even if the Court were to accept that these seven individuals were affiliated with the NYU Health Center or NYU Medical Center, plaintiff's alleged facts would not alter the Court's decision. First, the moving party bears the burden of establishing the absence of any genuine issue of material fact on a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Defendants' mere presentation of two lists at the time of the motion for summary judgment, without any further evidence of actual employment, the departments in which the recipients were employed, or dates of affiliation, was insufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party," even with regard to the over

one hundred email recipients whose affiliation plaintiff did not dispute. Id. at 248. Without question, the evidence submitted with the motion did not demonstrate that the nine recipients defendants now claim were affiliated were within the bounds of a qualified privilege.

Second, while defendants now belatedly provide evidence of affiliation for seven of these nine, defendants themselves acknowledge that as of the time the emails were sent, two recipients were *not* affiliated with NYU. Defendants state that these two individuals "were *former* but recent residents of the Department of Dermatology." (D. Reconsideration Mem. 6; emphasis added.) According to the affidavit submitted in support of the motion for reconsideration, "these two individuals *did not have a direct affiliation* with [NYU Health Center] or [NYU Medical School] in January and February 2004." (Orlin Aff. ¶ 4; emphasis added.) While "[q]ualified privilege has been applied to statements among employees of an organization in furtherance of the common interest of their employer," Sanderson v. Bellevue Maternity Hosp., 686 N.Y.S. 2d 535, 537 (3d Dep't 1999), defendants here do not dispute that at least two recipients of the allegedly libelous emails were no longer employees of NYU Health Center or NYU Medical School.[1] A reasonable factfinder could ultimately determine that these individuals formerly affiliated with NYU Health Center and NYU Medical School held a "common interest" with defendants, but it would not be compelled to on the current record. Similarly, the Court expresses no opinion as to whether a qualified privilege would apply if Dr. Freedberg made a

---

[1] In a footnote, defendants cite Shapiro v. Health Ins. Plan of Greater N.Y., 7 N.Y.2d 56, 60 (1959), as "particularly instructive" because "prominent physicians from the community" were found to be covered by qualified privilege. (D. Reconsideration Mem. 5 n.8, citing Shapiro, 7 N.Y.2d at 58.) However, in Shapiro, plaintiffs opposing a motion for summary judgment conceded qualified or conditional privilege, and thus the issue was whether plaintiff had presented sufficient evidence to raise an issue of whether defendants had acted with malice. Shapiro, 7 N.Y.2d at 60.

5

Freedberg made a reasonable and good faith effort to address his message to a mailing list of current affiliates, but unbeknownst to him the list had not been updated to remove a de minimus number of recipients who had so recently become disaffiliated that the failure to update the list was reasonable under the circumstances. As the record is devoid of facts as to how the mailing list was prepared, updated, or selected by Dr. Freedberg, this issue cannot be resolved by the present record. Therefore, a genuine issue of material fact is raised on qualified privilege as to at least certain recipients of the emails, and defendants' motion for reconsideration is denied.

## CONCLUSION

Defendants' motion for reconsideration is denied.

SO ORDERED.

Dated: New York, New York
January 25, 2006

GERARD E. LYNCH
United States District Judge